# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0229, <u>State of New Hampshire v. Xi Liu</u>, the court on October 11, 2019, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case.  The defendant, Xi Liu, appeals his felony conviction by a jury in Superior Court (<u>Bornstein</u>, J.) for utilizing, with the requisite <u>mens rea</u>,[1] "a computer on-line service . . . to seduce, solicit, lure, or entice . . . another person believed by the [defendant] to be a child, to commit any . . . offense under RSA 632-A, relative to sexual assault and related offenses."  RSA 649-B:4, I (2016).  The defendant argues that his conviction should be reversed because excerpts of certain e-mails that he sent were improperly admitted into evidence at trial.  Because we find that any error in admitting the e-mails was harmless, we affirm.

The jury could have found the following facts.  During August 2016, a Lebanon police officer used a fictitious, male profile on the online chatting application Grindr, with the name "Dakota."  Grindr users can communicate with each other via text-message.  Grindr's terms of service require all users to be age 18 or older; however, no age was provided in "Dakota's" profile.

On August 16, the defendant used Grindr to send a text-message to Dakota.  On August 16 and 18, the defendant and Dakota texted each other through Grindr, and discussed meeting to engage in sexual penetration.  In several messages, Dakota expressly stated that he was 15, and he never stated or implied that he was any other age.  Dakota also alluded to his age in other ways.  For instance, on seven occasions, he mentioned that he lived with his mother, and he repeatedly emphasized that he would only be able to meet the defendant while she was asleep.  Dakota also stated that he could not drive because of his age.

The August 16 conversation ended without the defendant and Dakota agreeing to meet.  On August 18, Dakota contacted the defendant by sending another text-message using Grindr.  The defendant asked Dakota to send a picture.  Eventually, Dakota sent a photo of a male showing his neck and face

---

[1] Although the requisite <u>mens rea</u> is "knowingly," RSA 649-B:4, I (2016); <u>see</u> <u>State v. Moscone</u>, 161 N.H. 355, 361 (2011), the defendant was charged with acting "purposely," and the jury was instructed accordingly.  Because the requisite <u>mens rea</u> is not at issue on appeal, and we find that the State proved, beyond a reasonable doubt, that the defendant acted purposely, we apply the same <u>mens rea</u> as the trial court.

from the chin to just below the eyes.  At trial, the parties stipulated that the photo is of the officer's then-26-year-old colleague.

The defendant was initially dissatisfied that the photo was "not a full face pic," and said he would not meet.  However, less than ten minutes later, the defendant asked Dakota, "What services u can offer?"  Dakota responded, "I was down for wat u liked."  The defendant then asked, "u can be a slave?"  Dakota responded, "Yup."  The defendant then asked, "What u can do as a slave?"  Dakota responded, "Not sure, no 1 else has asked me yet, but I'm willing to try anything."  The defendant then said, "All right," and the two agreed to meet at a West Lebanon gas station.  The defendant was arrested upon his arrival.

On August 19, 22, and 25, the defendant sent three e-mails to a prosecutor for the Lebanon police department.  In his August 19 e-mail, the defendant informed the prosecutor that he was contacting him because he had been "told by one of the staffs in Lebanon Police Department to ask help from you on correction of the mistake made by my Bail Commissioner last night."  The defendant stated to the prosecutor that the bail commissioner had asked him to sign the wrong "charge paper," and the defendant asked for a time when he and the prosecutor could "discuss . . . this issue."

Prior to trial, the defendant filed a motion in limine to exclude these e-mails in their entirety under Rules 401, 402, 403, 408, and 410 of the New Hampshire Rules of Evidence.  The trial court denied the motion as to Rules 408 and 410, but partially granted it as to Rules 401, 402, and 403, deeming only portions of the e-mails to be admissible.  On appeal, the defendant challenges only the admission into evidence of partially-redacted versions of the August 19 and 25 e-mails.  The relevant, non-redacted portions of the e-mails challenged on appeal are quoted below.

In the August 19 e-mail, the defendant stated, "My name is Xi Liu . . . I was arrested last night . . . trying to meet a 15 year old boy via a cellphone app. (It was actually set up by the police, not the real boy.  And on the other hand, I remember he said he was 16, instead of 15 on the first day."

In the August 25 e-mail, the defendant stated:

> First night . . . . I remembered clearly that he told me he is 16 years old . . . . I then asked many times "is it lawful?", "Is it lawful for a 16 year old boy to have sex with a 18 year old boy?" But he never replied. . . .

> Next night . . . . he sent me a face pic of one of the Lebanon policemen.  According to the face pic, I apparently can tell that the age of the guy is over 25 years old.  Then I agreed to meet.

2

Then I was arrested but the policemen said the guy I talked to was 15 years old. If he ever said so in app, I really didn't notice that. . . .

. . . I'm so sorry about this mistake. But I'm really not meant to let this happen. All happened because of 1. My ignorance of his age . . . .

. . . .

. . . I'm so sorry about this case which happened under my ignorance of his age.

A three-day jury trial was held. The officer who used the "Dakota" profile and the prosecutor who received the defendant's e-mails testified for the State. All of the Grindr text-messages were admitted into evidence, as were the e-mail excerpts deemed admissible by the trial court. The jury convicted the defendant. This appeal followed.

The defendant argues that the August 19 and 25 e-mails were inadmissible in their entirety as statements "made during plea discussions." N.H. R. Ev. 410(a)(4) (providing that "a statement made during plea discussions" is inadmissible against a defendant who participated in the discussions, unless they resulted in a guilty plea that was not later withdrawn). The State counters that the defendant's e-mails are not statements "made during plea discussions" within the meaning of the Rule because they are merely "unconditioned admissions . . . not accompanied by any statement that can be reasonably construed as a desire to bargain." The State also argues that, even if the e-mails are "plea discussions," the conviction should be affirmed because any error in admitting the e-mails was harmless. Because we agree with the State that, even if the trial court erred in admitting the e-mails, any error was harmless, we need not decide whether the defendant's e-mails were "plea discussions" within the meaning of Rule 410.

For an error to be harmless, "the State must prove beyond a reasonable doubt that the error did not affect the verdict. An error may be harmless beyond a reasonable doubt if the alternative evidence of the defendant's guilt is of an overwhelming nature, quantity, or weight, and if the inadmissible evidence is merely cumulative or inconsequential in relation to the strength of the State's evidence of guilt." State v. Dupont, 149 N.H. 70, 75 (2003) (quotation and citation omitted).

In this case, to obtain a conviction, the State had to prove, beyond a reasonable doubt, that the defendant (1) purposely, (2) utilized "a computer on-line service," (3) to "seduce, solicit, lure, or entice" another person to engage in sexual penetration, (4) whom he believed to be a child. RSA 649-B:4, I (2016);

3

RSA 632-A:4, I (2016), :2, I (Supp. 2018). Under the statute, a child is "any person under the age of 16 years." RSA 649-B:2 (2016).

Here, the evidence is overwhelming that the defendant purposely used Grindr, a computer on-line service, to solicit and entice Dakota, a person he believed to be younger than 16, into engaging in sexual penetration. During the Grindr conversations, the defendant told Dakota that, when they met, he wanted to "[g]et sucked and f**k." The defendant also asked Dakota how many men he had previously had sex with, where he had had sex, and whether he had used condoms during these sexual encounters. As evidenced by his many messages expressing his desire to perform sexual acts with Dakota, the defendant purposely utilized Grindr to entice Dakota into engaging in sexual penetration.

In addition, Dakota stated three times that he was 15. He also emphasized that he lived with his mother, and that he would only be able to meet the defendant while she was asleep. Dakota also stated that he could not drive because of his age and made comments one would reasonably expect from an underage user of a chatting platform, such as, "I'm still new to this," "It's hard sometimes ya know, have to keep it . . . [s]ecret," and "my mom will kill me if she finds out."

The defendant also manifested several times that he believed Dakota was 15. When Dakota informed the defendant that he was 15, the defendant responded by questioning whether it would be lawful for him to have sex with a 15-year-old. Also after Dakota stated that he was 15, the defendant asked whether it would be "dangerous" for the two of them to meet. Further, when Dakota told the defendant that his mother typically woke up at 5:00 a.m., the defendant accepted that he would need to return Dakota to his home by that time. At no time, prior to his arrest, did the defendant suggest that he believed Dakota was more than 15 years old. Thus, the Grindr conversations provided the State with overwhelming evidence of the defendant's guilt. State v. Beede, 156 N.H. 102, 110 (2007).

In relation to the strength of the evidence described above, the contested e-mail excerpts are cumulative and inconsequential. To the extent that, in those e-mails, the defendant stated that he had been arrested for sexually soliciting a 15-year-old boy, the e-mails were cumulative. See State v. Pennock, 168 N.H. 294, 306 (2015) (ruling that victim's written statement was cumulative because it only repeated victim's properly-admitted oral statement). To the extent that, in those e-mails, the defendant claimed to be innocent, and asserted that he had believed that Dakota was 16 because Dakota had told him so, the e-mails are inconsequential. Although the defendant's false exculpatory claims could have been considered circumstantial evidence of guilt, see State v. Evans, 150 N.H. 416, 420 (2003), given the extent of the alternative evidence that the defendant did, in fact, believe that Dakota was under 16, the State has

4

shown beyond a reasonable doubt that the e-mail excerpts admitted into evidence did not affect the verdict.  See State v. Tabaldi, 165 N.H. 306, 320-21 (2013).  Accordingly, we conclude that any error in admitting the e-mail excerpts into evidence was harmless beyond a reasonable doubt.

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Eileen Fox,
Clerk**